

# THE ATTORNEY GENERAL
## OF TEXAS

June 26, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable L.T. Des Champs                    Opinion No. JM-729
Llano County Attorney
Llano County Courthouse                      Re:  Whether a commissioners court
Llano, Texas  78643                          may make improvements on county
                                             school land from proceeds received
                                             from the lease of that land

Dear Mr. Des Champs:

You ask whether the Commissioners Court of Llano County has authority to make improvements on county school land from proceeds received from the lease of that land.

Article VII, section 6, of the Texas Constitution limits the manner in which the proceeds from "county school lands" may be invested by a commissioners court, as follows:

> Each county may sell or dispose of its lands in whole or in part, in manner to be provided by the Commissioners' Court of the county. . . . Said lands, and the proceeds thereof, when sold, shall be held by said counties alone as a trust for the benefit of public schools therein; <u>said proceeds to be invested in bonds of the United States, the State of Texas, or counties in said State, or in such other securities, and under such restrictions as may be prescribed by law. . . .</u>  (Emphasis added).

Section 17.82 of the Texas Education Code states:

> (b) The proceeds of any such sale shall be invested in bonds of the United States; the State of Texas; counties of the state; independent or common school districts; road precinct, drainage, irrigation, navigation, and levee districts in the state; or incorporated cities or towns; or in interest-bearing bank time deposits with the bank having been designated the depository for that county under the terms and conditions of the depository contract.  These bonds and deposits shall be held by the county in trust for the

benefit of its public free schools, and only interest thereon may be used and expended annually.

Section 17.83 of the Texas Education Code addresses the manner in which lease proceeds from county school lands shall be handled, as follows:

> Besides other available school funds provided by law, rental and lease proceeds from lands previously granted by the state to any county for educational purposes shall be appropriated by the commissioners court of the county <u>in the same manner legally prescribed for the appropriation of interest on bonds purchased with the proceeds from sale of such lands.</u> Likewise, proceeds from the sale of timber on these lands shall be invested by the commissioners court as prescribed in Section 17.82(b) of this code. None of the rental, lease, or timber proceeds shall be applied by the commissioners court to any purpose other than those prescribed in this code. (Emphasis added).

Attorney General Opinion O-2111 (1940) addresses the question of investment of proceeds from lease of county school lands under then article 2825, V.T.C.S., now section 17.83 of the Texas Education Code (identical as to appropriation of rental and lease proceeds by commissioners court), as follows:

> Thus, we observe Article 2825, supra, in plain and unambiguous language, provides in what manner the income from the lease of school lands shall be used. It 'shall be appropriated by the commissioners courts of said counties in the same manner as is provided by law for the appropriation of the interest on bonds purchased with the proceeds of the sale of such lands.' Article 7, Section 6 of the Constitution, supra, stipulates that the interest derived from the investment of the proceeds of a sale shall be placed in, and constitute, the available school fund. Therefore, the proceeds from any renting or leasing of the school lands must also be placed in that fund. By its terms Article 2825, supra, makes any other disposition unlawful.
>
> Consequently, we must find, and you are respectfully advised, that the commissioners' court of Polk County cannot build a house or make other improvements upon county owned school land with funds derived from the rental or lease of said lands.

We are unable to find any authority for the commissioners court to make improvements on county school lands from proceeds received from the lease of that land.[1]

## S U M M A R Y

The Commissioners Court of Llano County does not have the authority to make improvements on county school land with proceeds received from lease of that land. None of the lease proceeds shall be applied to any purpose other than that which is authorized in section 17.83 of the Texas Education Code. Tex. Const. art. VII, §6; Educ. Code §17.83; Attorney General Opinion O-2111 (1940).

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General

---

1. We note that section 11.11(c) of the Tax Code provides for the payment of taxes on county school land as follows:

Agricultural or grazing land owned by a county for the benefit of public schools under Article VII, Section 6, of the Texas Constitution is taxable for all purposes. The county shall pay the taxes on the land from the revenue derived from the land. If revenue from the land is insufficient to pay the taxes, the county shall pay the balance from the county general fund.